J. C. SANDERSON v. THOMAS L. and JOHN SANDERSON, Guardians.

*Removal of Guardian.*

An order by a Superior Court clerk in a cause pending before him for the removal of a testamentary guardian, where it is not alleged nor found as a fact by the clerk that the estate of the ward has been wasted, nor that the guardian is insolvent, so that the ward would be unable to recover the balance due on a final settlement, is improperly made, and will be set aside upon proceedings properly instituted to that end.

PETITION to remove a Guardian commenced in the Probate Court, and heard on appeal at Spring Term, 1878, of TYR-RELL Superior Court, before *Furches, J.*

The petition of the plaintiff, a minor by her next friend, shows that her father died in 1858, leaving a last will and testament in which the defendants were appointed her testamentary guardians, and as such took charge of her estate. And the petitioner avers that the estate has been mismanaged, the guardians have failed to make returns according to law, have kept no separate accounts, and have neglected to educate their ward in a suitable manner, and asks that

24

they be removed from their office and some discreet and competent person be appointed in their stead.

The defendants deny that they have mismanaged the estate of the plaintiff, and allege among other things that they have educated their ward as fully as her estate would allow and have made regular returns of the same, except during the period of the late war, and that they are solvent and fully able to pay all such damages as may be awarded for the alleged mismanagement.

Upon the hearing before the Probate Judge, he found the following facts: That Jesse Sanderson, the father of the plaintiff, died in 1858, and by his will appointed the defendants testamentary guardians of the plaintiff; that both defendants are non-residents of this State, and that they have mismanaged the estate, and have made no returns thereof according to law; wherefore it was adjudged that they be removed from their office as guardians of the plaintiff, from which ruling the defendants appealed, insisting that issues of fact were raised by the pleadings which, under the act of assembly, should be transferred to the Superior Court and tried in term time. And upon argument before His Honor the judgment below was affirmed, and the defendants appealed to this Court.

*Messrs. Mullen & Moore*, and *J. B. Batchelor*, for plaintiff.
*Messrs. Gilliam & Gatling*, and *P. H. Winston*, for defendants.

FAIRCLOTH, J. The single object of this action is the removal of the defendants from their office as testamentary guardians of the plaintiff now over twenty years of age. Some questions of practice were raised and discussed before us, but we do not think it important to consider them. We think the interest of both parties will be better subserved by considering the merits of the case.

Taking the allegations, facts and evidence as they appear on the record, we are of opinion that the order of removal was improperly made.

It is not alleged or found as a fact by the clerk that the estate has been wasted, or that the defendants are insolvent, or that the plaintiff would be unable to recover the whole of her estate on a final settlement; on the contrary the defendants aver their ability to satisfy any amount due the petitioner.

Mismanagement in general terms is alleged and found as a fact by the clerk, but in what respect it occurred, does not appear, nor is any evidence furnished in support of the charge. It is alleged and admitted that defendants have not made their guardian returns "according to law." This is negligence, and is probably what is meant by mismanagement in the present instance. For this omission to make their quarterly and annual returns, it was the duty of the Judge of Probate to require them to be made, and on failure to do so to attach and remove the defendants from their office. Bat. Rev., ch. 53, §§ 14, 15, 55, 56.

This omission of the defendants however does not necessarily show they are neglecting the substantial condition of the estate, or that the plaintiff is likely to be damaged thereby. Something like this should appear before the defendants are removed against the will of the testator.

Error.                                    Judgment reversed.